UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

Aaron Smith, and Robin Johnson *on behalf of*
*themselves and others similarly situated in the*
*proposed FLSA Collective Action*,

                                 Civil Action No. 1:22-cv-01862
                                 (PKC)(JRC)

                    Plaintiffs,

          - against -                **ANSWER AND**
                                       **AFFIRMATIVE DEFENSES**

Lina Vivas Maintenance, Inc. and Lina Vivas,

                 Defendants.
--------------------------------------------------------------X

      Defendants, Lina Vivas Maintenance, Inc. ("Vivas Maintenance") and Lina Vivas ("Vivas") (together, "Defendants"), by and through their undersigned attorneys, Halpern & Scrom Law PLLC, as and for their Answer and Affirmative Defenses to the Complaint ("Complaint") of plaintiffs, Aaron Smith and Robin Johnson (together, "Plaintiffs"), state as follows:

**NATURE OF THE ACTION**

      1.     Aver that the allegations in paragraph 1 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations in paragraph 1, except admit that Vivas owns shares in Vivas Maintenance, which is based in Brentwood, New York, and that Vivas Maintenance provides janitorial, sanitation, and maintenance services in New York City.

      2.     Deny the allegations in paragraph 2 of the Complaint, except admit that Plaintiffs were employees of Vivas Maintenance.

      3.     Admit that Plaintiffs seeks relief for Defendants' alleged violations of the cited statutes and laws, but deny that Defendants are liable to Plaintiffs for any such claims.

4.      Admit that Plaintiffs seeks relief for Defendants' alleged violations of the cited statutes and laws, but deny that Defendants are liable to Plaintiffs for any such claims.

## JURISDICTION AND VENUE

5.      Aver that the allegations in paragraph 5 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 5 of the Complaint.

6.      Aver that the allegations in paragraph 6 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 6 of the Complaint.

7.      Aver that the allegations in paragraph 7 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 6 of the Complaint.

## THE PARTIES

**PLAINTIFF AARON SMITH**

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Deny the allegations in paragraph 9 of the Complaint, except admit that Smith was employed by Vivas Maintenance as a cleaner from October 27, 2021 through January 8, 2022.

10.     Aver that the allegations in paragraph 10 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 10 of the Complaint.

**PLAINTIFF ROBIN JOHNSON**

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Deny the allegations in paragraph 12 of the Complaint, except admit that Johnson was employed by Vivas Maintenance as a cleaner and driver from November 13, 2021through December 17, 2021.

13.     Aver that the allegations in paragraph 13 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 13 of the Complaint.

14.     Aver that the allegations in paragraph 14 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 14 of the Complaint.

**CORPORATE DEFENDANT LINA VIVAS MAINTENANCE INC.**

15.     Admit the allegations in paragraph 15 of the Complaint.

16.     Admit the allegations in paragraph 16 of the Complaint.

17.     Aver that the allegations in paragraph 17 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 17 of the Complaint.

18.     Aver that the allegations in paragraph 18 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 18 of the Complaint, except admit that Vivas Maintenance employed employees, including Plaintiffs.

19.     Aver that the allegations in paragraph 19 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 19 of the Complaint, except admit that Vivas Maintenance employed employees, including Plaintiffs.

**INDIVIDUAL DEFENDANT LINA VIVAS**

20.     Admit the allegations set forth in paragraph 20 of the Complaint.

21.     Aver that the allegations in paragraph 21 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 21 of the Complaint, except admit that Plaintiffs allege they have sued Linas individually and in her capacity as an owner, officer and/or agent of Vivas Maintenance.

22.     Aver that the allegations in paragraph 22 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 22 of the Complaint.

23.     Admit the allegations in paragraph 23 of the Complaint.

24.     Aver that the allegations in paragraph 24 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 24 of the Complaint, except admit that Vivas Maintenance employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

25.     Aver that the allegations in paragraph 25 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 25 of the Complaint.

26.     Aver that the allegations in paragraph 26 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 26 of the Complaint, except admit that Vivas has an ownership interest in Vivas Maintenance.

4

27.     Aver that the allegations in paragraph 27 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 27 of the Complaint.

28.     Aver that the allegations in paragraph 28 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 28 of the Complaint.

29.     Aver that the allegations in paragraph 29 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 29 of the Complaint.

30.     Aver that the allegations in paragraph 30 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 30 of the Complaint.

31.     Aver that the allegations in paragraph 31 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 31 of the Complaint.

32.     Aver that the allegations in paragraph 32 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 32 of the Complaint.

33.     Admit the allegations in paragraph 33 of the Complaint.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Robin Johnson*

34.     Deny the allegations in paragraph 34 of the Complaint, except admit that Johnson was an employee of Vivas Maintenance.

35.     Deny the allegations in paragraph 35 of the Complaint, except admit that Johnson was employed by Vivas Maintenance as a cleaner and driver.

36.     Deny the allegations in paragraph 36 of the Complaint.

37.     Deny the allegations in paragraph 37 of the Complaint, except admit that on occasion, Plaintiff Johnson was paid his wages in check, or through the direct-deposit mobile application "Cash App".

38.     Deny the allegations in paragraph 38 of the Complaint, except admit that Johnson's hourly wage was $16.00.

39.     Deny the allegations in paragraph 39 of the Complaint.

***Factual Allegations Pertaining Specifically to Plaintiff Aaron Smith***

40.     Deny the allegations in paragraph 40 of the Complaint, except admit that Smith was an employee of Vivas Maintenance.

41.     Admit that Smith was employed by Vivas Maintenance as a cleaner.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, except admit that while employed by Vivas Maintenance, Smith cleaned apartments.

43.     Deny the allegations in paragraph 43 of the Complaint.

44.     Deny the allegations in paragraph 44 of the Complaint.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint, except admit that on occasion, Plaintiff Smith was paid his wages in check, or through the direct-deposit mobile application "Cash App".

47.     Deny the allegations in paragraph 47 of the Complaint.

48.     Deny the allegations in paragraph 48 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.    Admit that Plaintiffs seeks relief as a collective action on behalf of the alleged FLSA Collective Plaintiffs, but deny that Defendants are liable to Plaintiffs or the alleged FLSA Collective Plaintiffs for any such claims.

50.    Aver that the allegations in paragraph 50 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 50 of the Complaint.

51.    Aver that the allegations in paragraph 51 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 51 of the Complaint.

52.    Deny the allegations in paragraph 52 of the Complaint.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

53.    In response to paragraph 53 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

54.    Deny the allegations in paragraph 54 of the Complaint.

55.    Deny the allegations in paragraph 55 of the Complaint.

56.    Deny the allegations in paragraph 56 of the Complaint.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

57.    In response to paragraph 57 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

58.    Aver that the allegations in paragraph 58 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 58 of the Complaint.

59.     Aver that the allegations in paragraph 59 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 59 of the Complaint.

60.     Deny the allegations in paragraph 60 of the Complaint.

61.     Deny the allegations in paragraph 61 of the Complaint.

62.     Deny the allegations in paragraph 62 of the Complaint.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)**

63.     In response to paragraph 63 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

64.     Deny the allegations in paragraph 64 of the Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Complaint.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

67.     In response to paragraph 67 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

68.     Aver that the allegations in paragraph 68 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 68 of the Complaint.

69.     Aver that the allegations in paragraph 69 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations in paragraph 70 of the Complaint.

71.     Deny the allegations in paragraph 71 of the Complaint.

72.     Deny the allegations in paragraph 72 of the Complaint.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

73.     In response to paragraph 73 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

74.     Deny the allegations in paragraph 74 of the Complaint.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

77.     In response to paragraph 77 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

78.     Aver that the allegations in paragraph 78 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations in paragraph 79 of the Complaint.

80.     Deny the allegations in paragraph 80 of the Complaint.

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

81.     In response to paragraph 81 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

82.     Deny the allegations in paragraph 82 of the Complaint.

83.     Deny the allegations in paragraph 83 of the Complaint.

**EIGHTH CLAIM**
**(Failure to Pay Timely Wages)**

84.     In response to paragraph 84 of the Complaint, Defendants repeat and re-allege their answers to all foregoing paragraphs of the Complaint as if fully set forth at length herein.

85.     Aver that the allegations in paragraph 85 of the Complaint constitute legal conclusions and thus require no answer at all, but to the extent an answer is required, deny the allegations set forth in paragraph 85 of the Complaint.

86.     Deny the allegations in paragraph 86 of the Complaint.

87.     Deny the allegations in paragraph 87 of the Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

<u>**FIRST AFFIRMATIVE DEFENSE AND SET-OFF**</u>

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE AND SET-OFF**</u>

There is no individual coverage or enterprise coverage of Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"), and Plaintiffs are not covered employees under the FLSA.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiffs did not work any hour for which they were not compensated in accordance with that which is required by the FLSA and/or the New York Labor Law ("NYLL").

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims are, in whole or in part, barred by the applicable statute of limitations.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims under the FLSA and/or the NYLL for liquidated damages must be

dismissed, in whole or in part, because at all times relevant hereto Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims under the FLSA and/or NYLL are barred to the extent their alleged work activities are not compensable under such statutes.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity provided under the FLSA and/or NYLL.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims are or may be barred by the doctrines of unclean hands, estoppel, laches, and accord and satisfaction.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims for liquidated damages and/or attorneys' fees, if any, are not recoverable under every cause of action alleged in Plaintiff's Complaint.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

At all relevant times hereto, Defendants exercised reasonable care to ensure that the manner of Plaintiffs' compensation did not violate applicable federal, state or any other laws.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

If Plaintiffs suffered any damages as result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiffs' own culpable conduct. Any judgment recovered by Plaintiffs must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Even if Plaintiffs prevail, their claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over all or some of Plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to meet the requirements of the FLSA to certify the collective class.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to set forth facts sufficient to establish a prima facie case for violations of the FLSA and/or the NYLL.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if permitted to recover against Defendants on the claims set forth in the Complaint.

Defendants reserve the right to supplement these affirmative defenses at any time before the trial of this action.

WHEREFORE, defendants, Lina Vivas Maintenance, Inc. and Lina Vivas, respectfully request that:

a.    Plaintiffs' Complaint and each cause of action therein be dismissed in its entirety, with prejudice;

b.    Judgment be entered in favor of Defendants and against Plaintiffs, together with an award of the costs and disbursements of this action; and

c.    The Court grant Defendants such other and further relief as it deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all questions

of fact the Complaint raises.


Dated: New York, New York                    HALPERN & SCROM LAW PLLC
       June 10, 2022

                                                  By:    s/ Peter G. Goodman
                                                         Peter G. Goodman
     Paul L. Scrom
     1225 Franklin Ave., Suite 325
     Garden City, New York 11530
     Tel: (516) 466-3200
     peter@goodmanpllc.com
     pscrom@hslawadvisors.com
     *Attorneys for Defendants*


TO:    Joshua Levin-Epstein, Esq.
       Jason Mizrahi, Esq.
       60 East 42nd Street, Suite 4700
       New York, New York 10165
       Tel.: (212) 792-0046
       Email: joshua@levinepstein.com

       *Attorneys for the Plaintiffs and*
       *proposed FLSA Collective Action Plaintiffs*