UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AARON SMITH, *et al.*,

                       Plaintiffs,

      -against-

LINA VIVAS MAINTENANCE, INC. and LINA
RIVAS,

                       Defendants.
-----------------------------------------------------------------x

MEMORANDUM &
ORDER

No. 22-CV-1862-JRC

JAMES R. CHO, United States Magistrate Judge:

On April 4, 2022, plaintiffs Aaron Smith and Robin Johnson brought this action against defendants Lina Vivas Maintenance, Inc. and Lina Rivas, pursuant to the Fair Labor Standards Act and New York Labor Law for unpaid minimum and overtime wages. *See* Compl., Dkt. 1. For the reasons described below, this Court *sua sponte* dismisses without prejudice the claims of opt-in plaintiffs Edward Camacho ("Camacho") and Mark Vaughn ("Vaughn") for failure to prosecute.[1]

## Background

On April 22 and April 29, 2022, Camacho and Vaughn, respectively, filed consent forms to join the litigation as opt-in plaintiffs. *See* Dkts. 12, 16.

On September 22, 2023, this Court held an in-person settlement conference with the parties, at which several of the plaintiffs participated, including Vaughn. *See* Minute Entry dated 9/22/2023. At that conference, the parties in attendance reached an agreement in principle to resolve the case. *See id.* The Court scheduled a further conference for October 19, 2023, for plaintiffs' counsel to inform the Court "whether the remaining plaintiffs have agreed to resolve

---

[1] This case is before the undersigned for all purposes, including entry of final judgment, on consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. 63.

this action." *Id.*

At the conference held on October 19, 2023, counsel for plaintiffs advised that he required additional time to contact certain plaintiffs regarding settlement, including Camacho. *See* Minute Entry dated 10/19/2023. By letter dated November 21, 2023, plaintiff's counsel advised that he had still been unable to reach four of the plaintiffs regarding settlement, including Camacho. *See* Dkt. 53.

At a further conference held on January 10, 2024, plaintiff's counsel informed the Court that he was continuing to have difficulty contacting four plaintiffs regarding settlement, including Camacho. *See* Minute Entry dated 1/10/2024.

At a conference held on February 8, 2024, plaintiffs' counsel reported that he still was unable to contact three of the plaintiffs, including Camacho. *See* Minute Entry dated 2/8/2024. The Court granted counsel leave to move to withdraw if he was unable to reconnect with the three plaintiffs. *See id*. In the Minute Entry memorializing that conference, the Court warned Camacho that if he did not cooperate with counsel, the Court may dismiss his claims for failure to prosecute. *See id*.

On April 8, 2024, plaintiffs' counsel filed a motion to withdraw as counsel for, among others, Camacho, stating that Camacho had failed to respond to 24 phone calls and emails. *See* Decl. of Jason Mizrahi at ¶ 14, Dkt. 59; Mot. to Withdraw as Attorney, Dkt. 58.[2]

On April 11, 2024, Vaughn filed a Notice of Voluntary Dismissal "pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)," purporting to discontinue his claims without prejudice. *See* Dkt. 61. However, District Judge Pamela K. Chen denied Vaughn's application on the grounds that Rule

---

[2] Plaintiffs' counsel also moved to withdraw as counsel for Dashawn Andrews ("Andrews") and Matthew Smith ("M. Smith").

2

41(a)(1)(A)(i) permits dismissal only "before the opposing party serves either an answer or a motion for summary judgment." *See* Order dated 4/11/2024 (quoting Fed. R. Civ. P. 41). Judge Chen directed Vaughn to file either a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), executed by all parties who have appeared, or a notice of voluntary dismissal pursuant to Rule 41(a)(2). *See id.* Vaughn failed to comply with the April 11, 2024 Order.

Meanwhile, on April 30, 2024, this Court held a hearing on plaintiffs' counsel's motion to withdraw. *See* Minute Entry dated 4/30/2024. Camacho failed to appear at the hearing. Counsel for plaintiffs reported that he was able to locate Matthew Smith, but still had been unable to contact Andrews and Camacho. The Court held the motion in abeyance and granted counsel additional time to consider whether he would continue to represent Matthew Smith. *Id.* In the Minute Entry scheduling a further conference to be held on May 21, 2024, the Court warned Camacho, Andrews and Matthew Smith that they were ordered to appear, and that the failure to do so "may result in dismissal of their claims for failure to prosecute." *Id.*

On May 21, 2024, Camacho failed to appear for the conference. *See* Minute Entry dated 5/21/2024. Plaintiffs' counsel again requested additional time to contact Camacho, which this Court granted. *See id.* By letters dated June 4, 2024 and July 8, 2024, plaintiffs' counsel reported that he had still been unable to reach Camacho. *See* Dkts. 67, 68.

On July 29, 2024, plaintiffs' counsel filed another motion to withdraw as counsel for Andrews, Aaron Smith, Matthew Smith, Camacho and Vaughn. *See* Dkt. 69. As relevant to the instant decision, counsel averred that Camacho and Vaughn had "ceased communicating with the undersigned law firm." Decl. of Jason Mizrahi at ¶¶ 8-9, Dkt. 69-1.

By letter dated September 6, 2024, plaintiffs' counsel advised the Court that he had been able to re-connect with Aaron Smith, Matthew Smith and Andrews, but that he still had not been

3

able to contact Camacho and Vaughn.  *See* Dkt. 70.

This Court scheduled a hearing on the motion to withdraw for October 23, 2024, and directed Vaughn and Camacho to appear.  *See* Order dated 9/30/2024.  Although they were served with notice of the October 23, 2024 hearing, Vaughn and Camacho failed to appear.  *See* Minute Entry dated 10/23/2024.  At the hearing, the Court granted counsel's motion to withdraw as counsel for Vaughn and Camacho, and scheduled a further conference for November 19, 2024.  *See id.*  In the Minute Entry for the October 23, 2024 hearing, the Court warned Vaughn and Camacho that if they failed to appear at the November 19th conference, "the Court anticipates dismissing their claims for failure to prosecute."  *Id.*  Camacho and Vaughn failed to appear at the November 19, 2024 conference.  *See* Minute Entry dated 11/19/2024.[3]

### Discussion

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  *Cuevas v. Ulmer*, No. 19-CV-4285, 2022 WL 4641606, at *3 (E.D.N.Y. Aug. 30, 2022) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2022 WL 4662169 (E.D.N.Y. Sept. 30, 2022); *see Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing that power of district court to dismiss for failure to prosecute is "explicitly sanctioned by Rule 41(b)" and "has generally been considered an 'inherent power'").  The Court may dismiss a case for failure to prosecute *sua sponte*.  *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012).  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir.

---

[3] The Court's mailings to Vaughn of the 10/23/2024 and 11/19/2024 Minute Entries were returned by the United States Postal Service.  *See* Dkts. 77, 81.

2004); *see Lewis v. Cavanaugh*, No. 3:10-CV-112, 2019 WL 340742, at *2 (D. Conn. Jan. 28, 2019) (dismissal is necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"), *aff'd*, 821 F. App'x 64 (2d Cir. 2020).  A Rule 41 dismissal is, however, a "harsh remedy" and thus is appropriate only in "extreme situations." *Lewis*, 564 F.3d at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  "While [courts are] ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (internal citations and quotations omitted); *see Melendez v. City of New York*, No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014) (collecting cases where courts have dismissed *pro se* plaintiffs' claims for failure to prosecute).

      Dismissal pursuant to Rule 41 is committed to the discretion of the district court. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97 (2d Cir. 2017); *Drake*, 375 F.3d at 254.  To determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018).  As discussed below, these five factors favor dismissal of this action.

First, plaintiffs' inaction has caused undue delay in this case. In fact, since September 2023, when an agreement to settle the action was reached in principle, Vaughn and Camacho have not taken any steps to pursue their claims or otherwise prosecute this action. The first factor -- the delay caused by plaintiffs' inaction -- weighs in favor of dismissal. *See Ruzsa*, 520 F.3d at 177-78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, this Court's October 23, 2024 Minute Entry put Camacho and Vaughn on notice that their claims would be dismissed if they failed to appear at the November 19, 2024 conference. Camacho was also previously warned in the April 30, 2024 Minute Entry that failure to comply with the Court's orders would result in dismissal of the case. Further, Vaughn made clear his intent to abandon his claims when he attempted to voluntarily dismiss his claims. *See* Dkt. 61. Thus, the second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendants. Prejudice to defendants may be presumed where, as here, plaintiffs have caused an unreasonable and inexcusable delay. *See Drake*, 375 F.3d at 256-57; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Defendants have the burden of defending this action as long as this case remains open. *See Cuevas*, 2022 WL 4641627, at *4; *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009). The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket. *See Ungaro v. Aaron*, No. 24-CV-339, 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024); *Keating*, 2009 WL 234654, at *2. The other plaintiffs have reached an agreement to settle the action with defendants. The only claims that remain in the case are those brought by Vaughn and Camacho. The Court

cannot wait indefinitely for plaintiffs to engage. "[I]t would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where plaintiffs have made no effort to comply with the Court's [o]rders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at *2 (internal quotation marks and citation omitted). The fourth factor weighs in favor of dismissal.

Finally, plaintiffs' repeated failure to comply with Court orders, including those warning them of the possibility of dismissal, demonstrates that lesser sanctions would be ineffective. *See Jackson v. Mostofsky*, No. 19-CV-699, 2020 WL 3316018, at *2 (E.D.N.Y. June 18, 2020) (holding that "no lesser sanction will be effective in moving this action forward" and that "[g]iven [P]laintiff's in forma pauperis status, [m]onetary sanctions cannot be relied on because the plaintiff is indigent" (citations and quotations omitted)); *see also Ruzsa*, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). This Court lacks confidence that any sanctions -- monetary or otherwise -- short of dismissal would compel plaintiffs to re-appear in this action. Thus, the fifth factor weighs in favor of dismissal.

Under these circumstances, this Court dismisses the claims of Vaughn and Camacho without prejudice for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Redner v. City of Middletown*, No. 19-CV-4605, 2024 WL 2943776, at *3-*4 (S.D.N.Y. June 10, 2024); *Escobar v. Mahopac Food Corp.*, No. 19-CV-510, 2023 WL 8850929, at *3  (E.D.N.Y. Nov. 20, 2023), *report and recommendation adopted*, 2023 WL 8829190 (E.D.N.Y. Dec. 21, 2023); *Keating*, 2009 WL 234654, at *2. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and

protecting a party's right to due process and a fair chance to be heard." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

## Conclusion

For the reasons set forth above, this Court *sua sponte* dismisses without prejudice the claims of plaintiffs Mark Vaughn and Edward Camacho.

A copy of this Memorandum and Order is being electronically served on counsel. Further, the Court directs plaintiffs' counsel to serve a copy of this Memorandum and Order on plaintiffs Vaughn and Camacho. Plaintiffs' counsel shall file proof of service on ECF by July 7, 2025.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED**

Dated: Brooklyn, New York
       June 30, 2025

                                                s/ James R. Cho
                                                James R. Cho
                                                United States Magistrate Judge